## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

**DARIN VIARS,**
**on behalf of himself and all others**
**similarly situated,**

       **Plaintiff,**

                                     **Civil Action No. :** 5:18-cv-00041

**v.**

**LOWE'S HOME CENTERS, LLC,**

       **Defendant.**

## NOTICE OF REMOVAL

Defendant Lowe's Home Centers, LLC ("Lowe's") hereby removes the state court action described below to this Court.  In support thereof, Lowe's states as follows:

1.      On or about December 4, 2017, Plaintiff Darin Viars ("Plaintiff") filed a putative class action that is currently pending in the Circuit Court of Raleigh County, West Virginia, Civil Action No. 17-C-664-H (the "State Action").  A copy of the Summons and Complaint was served on Lowe's through the Secretary of State's Office on December 14, 2017.  Upon information and belief, there have been no other proceedings in the State Action.

2.      As explained below, the State Action is one that may be removed to this Court because Lowe's has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. § 1332 (diversity jurisdiction).

## I.
## LOWE'S HAS SATISFIED THE
## PROCEDURAL REQUIREMENTS FOR REMOVAL

3.      Lowe's was served with the Complaint on December 14, 2017.  (Declaration of Eric W. Foster ("Foster Decl.") ¶5)(attached as Exhibit A.)  Thus, Lowe's Notice of Removal is timely because it is filed within 30 days of the date of service.  *See* 28 U.S.C. § 1446(b).

4.      Venue lies in the United States District Court for the Southern District of West Virginia because the State Action was filed by Plaintiff and is now pending in this judicial district.  *See* 28 U.S.C. § 1446(a) (mandating venue for removal actions).

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Lowe's, including the Complaint, is attached as **Exhibit B** hereto (along with a certified copy of the docket sheet).

6.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court of Raleigh County, West Virginia.

## II.
## REMOVAL IS PROPER BECAUSE THIS COURT
## HAS SUBJECT MATTER JURISDICTION

**A.    This Court Has Original Jurisdiction Over Plaintiff's Claim Brought Under The Fair Labor Standards Act.**

7.      Federal courts have original subject matter jurisdiction over actions brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA").  29 U.S.C. § 216(b); *Bruer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695 (2003) (holding that district courts "have original jurisdiction over FLSA claims under 28 U.S.C. § 1331"); *Tee v. Brown Reporting Agency, Inc.*, 2013 WL 1331219, at *4 (S.D.W.Va. Apr. 2, 2013) (finding FLSA claims conferred federal question jurisdiction).  Here, Plaintiff brings his first claim for relief under the

FLSA. (Compl. ¶¶72-79.) Thus, the State Action is removable pursuant to 28 U.S.C. § 1441(a) because Plaintiff alleges a claim that could have been brought in this Court pursuant to the Court's original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

**B.      This Court Also Has Jurisdiction Over Plaintiff's Unjust Enrichment Claim.**

      **a.      This Court May Exercise Supplemental Jurisdiction Over Plaintiff's Unjust Enrichment Claim.**

      8.      An exercise of supplemental jurisdiction over Plaintiff's unjust enrichment claim pursuant to 28 U.S.C. § 1367 is appropriate. Where, as here, "a case presents a federal question, the court has supplemental jurisdiction over state law claims which are part of the same case or controversy." *Tee*, 2013 WL 1331219, at \*4 (internal quotation marks omitted). In *Tee*, the court held that it was proper to exercise supplemental jurisdiction over the plaintiff's remaining state law claims where the plaintiff asserted a FLSA claim and the defendant had removed the case on federal question grounds. *Id.* Here, as in *Tee*, "Plaintiff's claims arise from the same case or controversy because they all stem from" his alleged employment with Lowe's. (Compl. ¶¶72-79 (FLSA claim), ¶¶80-86 (unjust enrichment claim).) An exercise of supplemental jurisdiction is therefore proper.

      **b.      This Court Also Has Jurisdiction Over Plaintiff's Unjust Enrichment Claim Pursuant To The Employee Retirement Income Security Act.**

      9.      This Court also has jurisdiction over Plaintiff's unjust enrichment claim, which seeks the disgorgement of the value of employee benefits, among other things, because it is completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Pursuant to ERISA, federal jurisdiction lies where a recipient of an "employee welfare benefit plan" seeks to "clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §§ 1002(1), 1132(a)(1)(B) & (e)(1).

10.     The United States Supreme Court has recognized that Congress gave ERISA the broadest possible preemptive power under federal law and that such preemption completely displaces the application of state law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987) (discussing ERISA preemption in the context of removal); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987) ("the express preemption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern") (internal quotation marks omitted).

11.     Here, Plaintiff alleges, *inter alia*, that Lowe's improperly classified him as an independent contractor rather than an employee and, as a result, improperly deprived him of the benefits that are offered to Lowe's employees. (Compl. ¶¶1, 3-5, 47-48, 54, 59, 82-86.)

12.     The retirement, health, and welfare benefit packages that Plaintiff claims he was deprived of are qualified employee pension and/or welfare benefit plans that are governed by ERISA. (Foster Decl. ¶¶4-5.) *See, e.g., Amos v. Blue Cross-Blue Shield of Ala.*, 868 F.2d 430, 431-32 (11th Cir. 1989) (discussing ERISA's scope in the context of preemption and removal).

13.     Accordingly, to recover based on these ERISA-regulated benefits, Plaintiff must prove that he is an "employee" for ERISA purposes, among other things. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). For this reason, Plaintiff's claimed entitlement to those benefits falls within ERISA's "deliberately expansive" preemptive reach. *Pilot Life*, 481 U.S. at 45-46.

14.     Where, as here, the doctrine of complete preemption applies, state law claims falling within its scope are "necessarily federal in character." *See Metro.*, 481 U.S. at 67. This means that ERISA's preemptive effect is to convert state law claims for benefits into claims "arising under federal law for purposes of federal question jurisdiction," making the instant

action properly removable to federal district court. *See, e.g., Cox v. Gannett Co. Inc.*, 2016 WL 1425525, at *3-4 (S.D. Ind. Apr. 12, 2016) (denying motion to remand where defendant removed action under ERISA preemption principles in case where allegedly misclassified independent contractor brought a claim for unjust enrichment under state law to seek the value of benefits provided to employees); *Clark v. Dale Prop. Serv.*, 2012 WL 851608, at *3 (W.D. Pa. March 13, 2012) (similar).

15.     Because Plaintiff's state law claims are preempted under ERISA, this Court has subject matter jurisdiction over Plaintiff's unjust enrichment claim pursuant to 28 U.S.C. § 1331.

**C.     Diversity Jurisdiction Provides An Independent Basis For Removal.**

16.     Diversity jurisdiction exists because the requisite diversity of citizenship is present, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a) & (c)(1).

**a.     The Diversity of Citizenship Requirement Is Satisfied.**

17.     Plaintiff is a citizen of West Virginia. (Compl. ¶13.)

18.     Lowe's is a limited liability company that is organized under the laws of North Carolina. (Compl. ¶14; Foster Decl. ¶2.)  For removal purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (noting that "many cases" recognize this principle).  Lowe's sole member is Lowe's Companies, Inc. ("LCI").  (Foster Decl. ¶3.)

19.     LCI is, and has been at all relevant times, a North Carolina corporation with its principal place of business in North Carolina. (Foster Decl. ¶3.)  The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers

direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 91-93 (2010). At all relevant times, LCI's corporate headquarters where its high level officers directed, controlled, and coordinated the corporation's activities has been located in North Carolina. (Foster Decl. ¶3.)   Accordingly, for removal purposes, Lowe's is, and has been at all relevant times, a citizen of the State of North Carolina, not West Virginia.   The requisite diversity of citizenship therefore exists. *See* 28 U.S.C. § 1332(c)(1).

### b.       The Amount In Controversy Requirement Is Satisfied.

20.     To satisfy the amount in controversy requirement, a defendant need establish a plausible, good faith estimate that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) ("To assert the amount in controversy adequately in the removal notice . . . it suffice[s] to allege the requisite amount plausibly."); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199-200 (4th Cir. 2008) (holding that a removing defendant's allegations that the amount in controversy requirement was met "were sufficient as a matter of law to allege subject matter jurisdiction."). Here, Plaintiff's allegations establish that there is more than $75,000 at issue, exclusive of interest and costs.

21.     Plaintiff alleges that Lowe's deprived him of overtime compensation in violation of the FLSA by willfully misclassifying him as an independent contractor, rather than as an employee. (Compl. ¶¶1, 72-79.) The FLSA requires employers to pay overtime at a rate of one and a half times the employee's regular rate of pay for hours worked in excess of 40 in a workweek.  29 U.S.C. § 207(a)(1).  The regular rate of pay cannot be less than the minimum wage, and Plaintiff does not allege that he was paid less than the minimum wage.

22.     As Plaintiff alleges that he worked "approximately 70 hours [per] week" to fulfill his contractual obligations to Lowe's (Compl. ¶45), he necessarily seeks approximately 30 hours of allegedly unpaid overtime per week during the three-year limitations period. 29 U.S.C. § 255(a) (limitations period for willful misclassification). Plaintiff also seeks to recover an amount equal to those wages as liquidated damages. (Compl., Prayer ¶3.)

23.     Assuming for purposes of removal that Plaintiff only made the minimum wage,[1] his claim for allegedly unpaid overtime presents in excess of $46,000 in exposure for the 2.5 year period beginning on January 1, 2015.[2] (*See* Compl. ¶¶16, 55.) Given that Plaintiff also seeks an equal amount in liquidated damages (Compl., Prayer ¶3), the amount in controversy exceeds the $75,000 jurisdictional minimum based on these forms of relief alone.[3]

24.     Plaintiff also seeks other categories of damages, including emotional distress damages, punitive damages, and attorneys' fees. (*See* Compl., Prayer.) Plaintiff's claimed entitlement to such relief makes it all the more plain that the amount in controversy exceeds the jurisdictional minimum.

25.     Based on the foregoing, the jurisdictional amount in controversy requirement plainly is met. Accordingly, removal to this Court is proper under diversity of citizenship jurisdiction.

**WHEREFORE**, Lowe's hereby removes this State Action from the Circuit Court of Raleigh County, West Virginia, to this Court, pursuant to 28 U.S.C. § 1441.

---

[1] The minimum wage in West Virginia was $7.25 per hour in 2014, $8.00 per hour in 2015, and $8.75 per hour in 2016 and 2017. *See* W.Va. Code § 21-5C-2(a)(3) (2014); W.Va. Code § 21-5C-2(a)(4) (2015); W.Va. Code § 21-5C-2(a)(5) (2016 and 2017).

[2] The calculation is: ($8/hour) x (30 alleged overtime hours/week) x (130 weeks) x (1.5 overtime multiplier) = $46,800.

[3] The calculation is: ($46,800 in allegedly unpaid overtime) + ($46,800 in liquidated damages) = $93,600.

**LOWE'S HOME CENTERS, LLC**

By Spilman Thomas & Battle, PLLC


/s/Ellen J. Vance
Eric W. Iskra (WV State Bar # 6611)
Ellen J. Vance (WV State Bar # 8866)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East (ZIP 25301)
Post Office Box 273
Charleston, WV 25321-0273
O 304.340.3800
F 304.340.3801

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

**DARIN VIARS,**
**on behalf of himself and all others**
**similarly situated,**

**Plaintiff,**

v.                                                          Civil Action No. : 5:18-cv-00041

**LOWE'S HOME CENTERS, LLC,**

**Defendant.**

## CERTIFICATE OF SERVICE

I, Ellen J. Vance, counsel for defendant, do hereby certify that the foregoing "Notice of Removal" was electronically filed on this 12th day of January, 2018, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing as follows:

Kristina Thomas Whiteaker
David L. Grubb
The Grubb Law Group
1114 Kanawha Boulevard, East
Charleston, WV 25301
*Counsel for Plaintiff*


/s/Ellen J. Vance
Ellen J. Vance (WV State Bar # 8866)