STATE OF WEST VIRGINIA

COUNTY OF RALEIGH SS:

I, PAUL H. FLANAGAN, Clerk of the Circuit Court of Raleigh County do hereby certify that the foregoing is a true and correct copy from the records of my office as the same exists therein.

IN TESTIMONY WHEREOF, I hereunto place my hand and affix the official seal of this Court, at Beckley this the _____05_____ day of _____January_____, 20__18__.

_____Paul H Flanagan_____
Clerk

EXHIBIT B

```
CASE 17-C-664      RALEIGH                                        PAGE 0001

DARIN VIARS                    VS. LOWE'S HOME CENTERS, LLC


LINE    DATE   ACTION

  1  12/04/17  CASE FILED-ISSUED SUMMONS & COMPLAINT/RETURN TO ATTORNEY FOR
  2            SERVICE/(VLS)                                            (JED)
  3  12/19/17  REC. RETN  OF SERVICE BY SEC. OF STATE ON BEHALF OF LOWE'S HOME
  4            CENTERS. LLC/ 12 14 2017  (VLS)                           (CC)
```

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

Paul H Flanagan
Raleigh County Courthouse
215 Main Street
Beckley, WV 25801-4688

RALEIGH COUNTY
RECEIVED AND FILED

DEC 19 2017

PAUL H FLANAGAN
CIRCUIT CLERK

**Control Number:** 207388
**Defendant:** LOWE'S HOME CENTERS, LLC
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company
**County:** Raleigh
**Civil Action:** 17-C-664-H
**Certified Number:** 92148901125134100002202221
**Service Date:** 12/14/2017

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 17-C-664-H

Darin Viars, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

Lowe's Home Centers, LLC
Agent: Corporation Service Company
209 West Washington Street
Charleston, WV 25302,

    Defendant.

SUMMONS

ACCEPTED FOR SERVICE OF PROCESS
SECRETARY OF STATE
STATE OF WEST VIRGINIA
2017 DEC 14 P 2:10

To the above named Defendant:

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **David L. Grubb and/or Kristina Thomas Whiteaker, Attorneys at Law**, Plaintiff's attorney, whose address is **1114 Kanawha Boulevard, East, Charleston, WV 25301**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have asserted by counterclaim in the above-styled civil action.

Dated: December 4, 2017

                                                               *Paul H. Flanagan*
                                                              Clerk of Court

# IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

DARIN VIARS,
on behalf of himself and all others
similarly situated,

    Plaintiff,

v.                                               Civil Action No. 17-C-664-H

LOWE'S HOME CENTERS, LLC,

    Defendant.

RALEIGH COUNTY
RECEIVED AND FILED
DEC 04 2017
PAUL H FLANAGAN
CIRCUIT CLERK

## COMPLAINT

COMES NOW Plaintiff, by counsel, on behalf of himself and all others similarly situated, and respectfully represents to the Court as follows:

### Preliminary Statement

1. This is an class action by Plaintiff Darin Viars on behalf of himself and all other similarly situated workers "all other installers" who were and/or are misclassified by Lowe's Home Centers, LLC ("Defendant") as independent contractors but who should have been classified as employees of Defendant. In doing so, Defendant has and continues to violate the Fair Labor Standards Act ("FLSA"). Defendant is also unjustly enriched by misclassifying Plaintiff and the Class as it avoids having to provide its installers with benefits offered to other of Defendant's employees including, but not limited to, liability insurance coverage, workers' compensation coverage, and customary payroll withholdings/contributions to fund unemployment insurance, eligibility for Social Security and Medicare, and other associated employee benefits (collectively referred to hereinafter as "employee benefits").

1

2. Defendant is one of the nation's leading home improvement retailers and operates approximately seventeen stores in West Virginia. Defendant offers installation services for certain categories of products it sells to its customers. These installations are performed by installers with whom Defendant contracts. Plaintiff was such an installer hired by Defendant. Specifically, Plaintiff performed floor installations for Defendant's customers in West Virginia.

3. Defendant misclassified Plaintiff, and all others who were hired by Defendant as installers, as independent contractors. However, Plaintiff and all other installers should have been classified as either part-time or full-time employees of Defendant. Though Plaintiff worked from thirty to seventy hours per week on Defendant's jobs, Defendant did not provide him benefits offered to Defendant's full-time and/or part-time employees, including overtime pay.

4. Defendant further failed to pay for and provide Plaintiff with liability coverage and employee benefits, and required Plaintiff to pay self-employment tax on all income earned from Defendant.

5. Plaintiff is similar to all other installers who perform installations for Defendant as each installer is required to obtain their own liability insurance, receives no employee benefits from Defendant, and pays all of his own self-employment taxes.

6. Plaintiff, and all other members of the Class, should have been classified as employees of Defendant and were misclassified in violation of the FLSA. Pursuant to its contract with Plaintiff, and with all other installers, Defendant had the power to control and direct the performance of the services Plaintiff and any individual working with Plaintiff, and all other Class members, provided on behalf of Defendant, including, among other things: designating customers for which Plaintiff performed installations; requiring the customer to pay Defendant directly for all work performed by Plaintiff and then paying Plaintiff; requiring

Plaintiff and any individual working for Plaintiff to submit to a background check before working on a Defendant's job site; requiring Plaintiff and any individual working for Plaintiff to wear Defendant's branded clothing, thereby holding them out as Defendant's employees; directing Plaintiff to use signage for Defendant's company, and directing the scope of work that Plaintiff could perform for a customer.

7. Moreover, the installation services provided by Plaintiff and the Class for Defendant's customers are within the usual course of Defendant's business.

8. In fact, installation services are integral to Defendant's business and its installation services are advertised widely.

9. Furthermore, Plaintiff, and all other installers, performed installations under the name of Defendant and not that of his or her own business. As such, Defendant misclassified each installer as an independent contractor rather than as an employee.

10. Defendant's contractual agreements and interactions with each installer are similar to its practices with regard to Plaintiff. Because the claims of the Class arise from practices that are common to all Class members, this case is particularly well-suited for class action treatment. Plaintiff and each installer is required to sign an Installer Contract, which is a uniform contract drafted by Defendant. If Plaintiff or any installer fails to sign the Installer Contract, they are not be permitted to receive any work from Defendant.

11. Plaintiff seeks to represent a Class defined as follows:

> All persons who performed installation services for customers of Lowe's Home Centers, Inc. in the State of West Virginia who were classified as independent contractors.

3

## Jurisdiction

12. This Court has concurrent jurisdiction over Plaintiff's claims for violation of the FLSA pursuant to 29 *U.S.C.* §216(b).

## Parties

13. Plaintiff is a citizen and resident of Raleigh County, West Virginia.

14. Defendant is a North Carolina limited liability company with its principal place of business in Wilkesboro, North Carolina. Defendant is a wholly-owned subsidiary of Lowe's Companies, Inc. Lowe's Companies, Inc. purports to be the nation's second largest home improvement retailer and conducts its business throughout West Virginia and the United States.

## Factual Background

15. Plaintiff began working for Defendant in or around 1999.

16. For the last seventeen years, Plaintiff has regularly provided installation services to Defendant's customers in stores located in Fayetteville, Beckley, Princeton, and Lewisburg, West Virginia.

17. Plaintiff was a Lowe's installer and signed an Installer Contract. Plaintiff was required to comply with each of the terms and conditions described herein with regard to the performance of his services as an installer for Defendant.

18. During his service with Lowe's and pursuant to the installer contract, Lowe's has had the power to control and direct the performance of Plaintiff's installations.

19. Upon information and belief, Defendant enters into a standard and uniform contract with each installer that installs products for Defendant's customers.

20. As part of its agreement with installer, Lowe's also sets forth a series of standards and policies governing the performance of the work by the installers.

4

21. These standards provide specific instructions regarding how installers are to perform or carry out their installation services, including expectations as to when an installer is required to complete a particular installation.

22. Pursuant to the policies and practices, Defendant requires installers to agree that they will perform installation work within the scope of the work outlined by the installation contract and Lowe's installation program.

23. The standards and policies mandate that all leads and prospects for additional business resulting from or in any way connected to any Lowe's related work, are the property of Lowe's and must be referred to Lowe's.

24. Plaintiff was required to, and did, refer all leads to Defendant and was not allowed to bid work even if it was outside of the scope of work Defendant provided.

25. The terms of all the contracts to perform installation services were determined by Lowe's.

26. Defendant's policies contain specific provisions regarding the installers' job site conduct and specifically provide that installers act as representatives of Lowe's.

27. For instance, Lowe's requires all installers to wear shirts and hats which clearly bear its logo.

28. In this regard, Plaintiff, and all who worked with him on Defendant's installations, was required to wear a Lowe's hat and shirt.

29. Lowe's requires installers to promote Lowe's installation services to customers at all times.

30. Moreover, installers are required to deliver Lowe's "Leave Behind" brochure[s] to the customer at the end of the installation.

31. Further, Plaintiff and other installers are required to place Lowe's yard signs at job sites.

32. Upon information and belief, Lowe's requires that all installers follow Lowes's procedures and practices with regard to installation, including preparing estimates, bids, contracts, scheduling, timing, hours worked, materials, and completion.

33. Upon information and belief, installers are not permitted to perform any changes to a job, without involving Lowe's.

34. Defendant's employees periodically visit installation sites to determine whether, among other things, installers wear the required Defendant's apparel, prominently display Defendant's yard sign, and determine whether the customer was satisfied with the installation.

35. Defendant's employees regularly inspected Plaintiff's work and scored his craftsmanship.

36. Plaintiff was threatened with termination if his scores fell below a certain level.

37. Defendant's customers paid Defendant directly for any installations performed by Plaintiff, and Defendant paid Plaintiff for the installation of flooring for Defendant's customers.

38. Plaintiff was paid by the job pursuant to a schedule of flat rates set by Defendant.

39. Defendant provided Plaintiff with a Form 1099 for all income he received from Defendant.

40. All of Defendant's installers were required to follow the same rules as applied to Plaintiff as each installer executes a substantially identical Installer Contract.

6

### A. INSTALLATION SERVICES ARE WITHIN THE USUAL COURSE OF DEFENDANT'S BUSINESS

41. On its website located at www.lowes.com, Defendant advertises its installation services.

42. Defendant offers installations for several types of goods, including appliances, kitchens and bath remodels, flooring, garage doors, window treatments, lighting, roofing, outdoors, and insulation.

43. Providing its customers with the ability to hire Defendant to install products, requiring the customers to pay Defendant for the installations and for Defendant to "guarantee and warranty" all installations performed establishes that installation services are part of the usual course of Defendant's business.

44. Lowe's advertises on its website that it is a licensed contractor in the state of West Virginia and provides its state contractor's license number.

### B. PLAINTIFF WAS NOT CUSTOMARILY ENGAGED IN AN INDEPENDENTLY ESTABLISHED TRADE, PROFESSION OR BUSINESS

45. For all of the years he performed installation services for Defendant, installations for Defendant's customers constituted almost all of Plaintiff's work. Because of the need for him to devote approximately 70 hours of week to fulfilling his duties and responsibilities owed to Defendant under the terms of the Installer's Contract, *to wit*, being available at Defendant "beck and call" any time of day or night, Plaintiff could not develop and maintain a book of business independent of Defendant. Hence, installations for Defendant's customers were Plaintiff's main source of income.

7

46. Plaintiff was economically dependent on Defendant.

47. By improperly misclassifying Plaintiff, Defendant violated West Virginia's workers' compensation laws, wage laws, and unemployment compensation laws.

48. Defendant also failed to provide Plaintiff with any of the benefits specified under these laws including such benefits.

49. Plaintiff performed installations for approximately four of Defendant's stores and regularly fulfilled work orders as directed by Defendant.

50. Plaintiff was not free to refuse Defendant's jobs so that he could pursue other non-Lowe's business.

51. While performing Defendant's installations, Plaintiff was not permitted to give a Defendant's customer his personal business card and was not permitted to give his personal business card to anyone who approached him while he was working on a Defendant's job.

52. Though potential customers approached Plaintiff while he was on Defendant's jobs and asked him to perform work for them, he was required to refer such jobs to Defendant even though he could have taken those jobs himself.

53. Plaintiff was not allowed to accept such a job even if the product to be installed or job to be performed was outside of the scope of services provided by Defendant.

54. Plaintiff was not an independent contractor but, in fact, was an employee of Defendant. Plaintiff did not receive any of the employee benefits customarily offered to all of Defendant's employees and was compelled to pay his own self-employment taxes, including all employer paid Federal Insurance Contributions Act ("FICA") taxes. Defendant did not reimburse Plaintiff for expenses incurred on a Defendant's job unless the particular job required Plaintiff to purchase a product that Defendant did not carry in its stores. As a result, Defendant

unfairly profited from its relationship with Plaintiff by avoiding costs and expenses that Defendant forced Plaintiff to bear.

55. Plaintiff was recently terminated from further work for Defendant.

## CLASS ACTION ALLEGATIONS

56. Defendant requires Plaintiff and the members of the Class to enter into the Installer Contract which results in their misclassification and otherwise does not accurately reflect their true and actual relationship with Defendant.

57. Pursuant to the Installer Contract: Lowe's possesses the power to control and direct the performance of the services of its installers; Lowe's knows that installation services are within the usual course of its business as it advertises these services to its customers; and Lowe's admits that installations form a continuing and growing part of Lowe's business.

58. Defendant knowingly caused Plaintiff and the Class to enter into agreements which resulted in their misclassification.

59. Because of the misclassification, all individuals who install products for Defendant are denied the right to seek unemployment compensation if they are terminated from installing products for Defendant and all are denied benefits in accordance with state law.

60. Plaintiff brings this action on behalf of himself and on behalf of a Class of similarly situated persons.

61. The Class consists of:

All persons who performed installation services for customers of Lowe's Home Centers, Inc. in the State of West Virginia who were classified as independent contractors.

62. Plaintiff's claims are typical of the claims of the Class. Plaintiff is a member of the Class he seeks to represent. Members of the Class are ascertainable from Defendant's records and the Class is sufficiently numerous.

63. Plaintiff will fairly and adequately represent the members of the Class and has no interests that are antagonistic to the claims of the Class. Plaintiff's interests in this action are antagonistic to those of Defendant, and he will vigorously pursue the claims of the Class.

64. The representative Plaintiff has retained competent counsel who are experienced in class action and employment litigation, and who have successfully represented classes in other complex class actions.

65. Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of permissible damages and/or injunctive relief is sought for the Class.

66. There are numerous and substantial questions of law and fact common to all members of the Class which will predominate over any individual issues.

67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Trial of Plaintiff's and the Class members' claims is easily manageable.

68. The persons in the Class are so numerous that disposition of their claims in this case and as part of a single class action lawsuit, rather than numerous individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent.

69. Plaintiff knows of no difficulty that will be encountered in the management of this litigation, which would preclude its maintenance as a class action.

70. Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

71. Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue its course of action, which will result in further damages to Plaintiff and the Class.

### First Claim

### [Violation of FLSA]

### [Failure to Pay Overtime Wages]

72. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

73. Plaintiff brings this claim on behalf of himself and other installers similarly situated pursuant to 29 *U.S.C.* § 216(b).

74. Defendant suffered or permitted Plaintiff and other similarly situated installers to work.

75. Defendant was the employer of Plaintiff and other installers within the meaning of the FLSA.

76. Defendant was required by the §7 FLSA to pay Plaintiff and other installers similarly situated time and a half their regular rate of pay for hours exceeding forty hours in a work week.

77. Defendant failed to pay Plaintiff and other installers similarly situated overtime wages in violation of 29 *U.S.C.* § 207 of the FLSA.

78. Defendant's violation of the FLSA was willful.

79. As a result of Defendant's misclassification and failure to pay overtime wages, Plaintiff and others similarly situated have suffered injury.

## Second Claim

### [Unjust Enrichment]

80. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

81. Plaintiff and all installers are required to enter into the Installer Contract or Defendant will not assign them any installation work. The Installer Contract is a take it or leave it agreement and Plaintiff and the installers have no ability to modify or change any of the standard terms in the Installer Contract.

82. By misclassifying Plaintiff and the Class as independent contractors rather than as employees, Defendant has knowingly forced Plaintiff and the Class to bear the costs incident to its business.

83. Defendant was unjustly enriched by the amount of taxes, business costs, and expenses passed on to Plaintiff and the Class.

84. Defendant benefitted financially from the misclassification of Plaintiff and the Class as independent contractors, and as a result, Plaintiff and the Class suffered damages.

85. It would be inequitable for Defendant to be permitted to retain the benefit it received from its wrongful misclassification of Plaintiff and the Class as independent contractors.

86. Defendant should be compelled to disgorge to Plaintiff and the Class all amounts it received as a result of its wrongful and inequitable practices.

## PRAYER

WHEREFORE, Plaintiff respectively prays for the following relief:

1. That the Court enter a declaratory judgment, pursuant to 29 *U.S.C.* §201 *et seq.*, declaring the acts of Defendant to be in violation of the FLSA;

2. That the Court enter a permanent injunction against Defendant ordering it to cease and desist from engaging in the unlawful acts described hereinabove;

3. That Defendant be assessed an additional civil penalty in an amount equal to the unpaid overtime as liquidated damages;

4. That Plaintiff be awarded compensatory damages for his unpaid overtime in an amount to be determined at trial;

5. That each member of the putative class, be awarded compensatory damages for their unpaid overtime in an amount to be determined at trial;

6. That Plaintiff be awarded additional damages, in an amount to be determined at trial, that fairly and reasonably compensates him for emotional and mental distress, aggravation, humiliation, embarrassment, anxiety, annoyance and inconvenience suffered as a result of Defendant's unlawful acts;

7. That each member of the putative class be awarded additional damages, in an amount to be determined at trial, that fairly and reasonably compensates him or her for emotional and mental distress, aggravation, humiliation, embarrassment, anxiety, annoyance and inconvenience suffered as a result of the Defendant's unlawful acts;

8. That Plaintiff be awarded punitive damages against Defendant, in an amount to be determined at trial, for the willful, wanton and/or reckless disregard for his legal rights;

9. That each member of the putative class be awarded punitive damages against Defendant, in an amount to be determined at trial, for the willful, wanton and/or reckless disregard for their legal rights;

10. That Plaintiff be awarded his costs and a reasonable attorney's fee, pursuant to 29 *U.S.C.* §216(b), the common law, and the general authority of this Court;

11. That each member of the putative class be awarded his or her costs, including a reasonable attorneys' fee, pursuant to 29 *U.S.C.* §216(b), the common law, and the general authority of this Court;

12. That Plaintiff, and each member of the putative class, be awarded any and all additional compensatory damages, in an amount to be determined at trial;

13. That Plaintiff, and each member of the putative class, be awarded prejudgment and postjudgment interest on any and all of the foregoing damages; and

14. That Plaintiff, and each member of the putative class, be awarded such further and general relief as this Court may deem appropriate.

PLAINTIFF DEMANDS A JURY TRIAL OF ALL ISSUES SO TRIABLE.

DARIN VIARS,
on behalf of himself and all others similarly situated,
Plaintiff
By Counsel

*/s/ Kristina Thomas Whiteaker*

Kristina Thomas Whiteaker (State Bar No. 9434)
David L. Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)

15